Robert P. GILLE, Jr., Petitioner—
Appellant,

v.

Terry L. STEWART, Warden; Janet
Napolitano, Respondents—
Appellees.

No. 01–17520.

D.C. No. CV–00–00137–WDB.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 17, 2002.

Before HUG, O'SCANNLAIN and
TASHIMA, Circuit Judges.

MEMORANDUM **

Robert P. Gille, Jr., an Arizona state
prisoner, appeals pro se the district court's
denial of his 28 U.S.C. § 2254 habeas cor-
pus petition challenging his conviction for
manslaughter. We have jurisdiction pur-
suant to 28 U.S.C. § 2253. We review de
novo a district court's denial of a habeas
petition, *Wildman v. Johnson*, 261 F.3d
832, 836 (9th Cir.2001), and we affirm.

Gille contends that he was denied due
process when the trial court refused to
give the jury an instruction on negligent
homicide, as a lesser included offense to

manslaughter. However, under Arizona
law, a person who creates a substantial
and unjustifiable risk of causing the death
of another, but is unaware of such risk
solely by virtue of his or her voluntary
intoxication, is guilty of manslaughter, not
negligent homicide.[1] A.R.S. § 13–
105(9)(c); *see also State v. Fisher*, 141
Ariz. 227, 248, 686 P.2d 750 (1984).

States possess primary authority for de-
fining and enforcing criminal law, *Engle v.
Isaac*, 456 U.S. 107, 128, 102 S.Ct. 1558, 71
L.Ed.2d 783 (1982), and Gille has not
shown that the Arizona legislature's deci-
sion to define manslaughter in this manner
violates due process. *See Montana v.
Egelhoff*, 518 U.S. 37, 43, 116 S.Ct. 2013,
135 L.Ed.2d 361 (1996)(plurality)(conclud-
ing that state statutes restricting applica-
bility of voluntary intoxication as evidence
relevant to mens rea do not impinge upon
a fundamental principle of justice).

Accordingly, the district court properly
denied habeas relief. *See* 28 U.S.C.
§ 2254(d); *Van Tran v. Lindsey*, 212 F.3d
1143, 1153–54 (9th Cir.2000).

**AFFIRMED.**

---

* This panel unanimously finds this case suit-
  able for decision without oral argument. *See*
  Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
  cation and may not be cited to or by the
  courts of this circuit except as may be provid-
  ed by Ninth Circuit Rule 36–3.

1. To the extent that Gille contends that the
   Arizona statute in question creates a pre-
   sumption of guilt, he is mistaken. The statute
   merely provides an alternative method of
   proving recklessness; it does not relieve the
   state from its burden of proving an element of
   the offense.